**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ILDA SOJDA, on behalf of her daughter, VICTORIA SOJDA, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO BOARD OF EDUCATION, a municipal corporation, and ERIC FAY, <br><br> Defendants. | No. 23 CV 4231 <br><br> Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ilda Sojda ("Plaintiff") brings this action, on behalf of her daughter Victoria Sojda ("Sojda"), against Defendants Chicago Board of Education and Eric Fay ("Defendants") seeking damages under 42 U.S.C. § 2000d and 42 U.S.C. § 1983. Defendants moves to dismiss. R. 14. As stated below, Defendants' motion is granted.

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, the complaint must provide the defendant with "fair notice" of the claim and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Facial plausibility exists when the plaintiff pleads factual content that allows the

1

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citations omitted). In deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

Sojda is an eighth-grade student at Abraham Lincoln Elementary, a Chicago public school. R. 2 ¶¶ 7, 9. Eric Fay is the school's principal. *Id.* ¶ 8. Sojda, a Hispanic student, received bullying and threats of violence from an African American student. *Id.* ¶¶ 10, 13, 14. Sojda reported the bullying to her homeroom teacher but the school did not intervene or discipline the African American student. *Id.* ¶ 23. On March 31, 2023, Sojda reported the bullying to the assistant principal. *Id.* ¶ 18. That same day, the assistant principal disclosed Sojda's complaint to the African American student. *Id.* ¶ 19. Later that day, the student physically attacked and severely injured Sojda during school hours on school property. *Id.* ¶ 36. Sodja received emergency medical treatment for her injuries and missed the remainder of the school year. *Id.* ¶¶ 56, 85.

Plaintiff alleges that the African American student should have been suspended but that he was not due to a Chicago Board of Schools policy that "treats African American students more favorably than students of different races in disciplinary matters." *Id.* ¶¶ 28–29. Plaintiff further alleges that the school's failure to discipline and remove the African American student from the school caused Sojda's injuries. *Id.* ¶ 47.

2

Plaintiff alleges three counts. First, that the Chicago Board of Education violated 42 U.S.C. § 2000d (Title VI of the Civil Rights Act of 1964). *Id.* ¶¶ 88–102. Second, that the Board violated 42 U.S.C. § 1983. *Id.* ¶¶ 103–113. Third, that Eric Fay violated 42 U.S.C. § 2000d. *Id.* at ¶¶ 114–122. Defendants move to dismiss. R. 14.

## Discussion

### I. Count I

Title VI states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. §2000(d). Under Title VI, school boards may be liable for "student-on-student harassment." *Doe v. Galster*, 768 F. 3d 611, 617 (7th Cir. 2014). To state a claim, a plaintiff must establish the following: 1) the harassment was discriminatory; 2) the school officials had actual knowledge of the harassment, 3) the harassment was objectively offensive, and 4) the school officials were deliberately indifferent to the harassment. *Id.*

Fatal to her claim, Plaintiff fails to plausibly allege the first element. To allege that the harassment was discriminatory under Title VI, Plaintiff must allege facts that allow for a plausible inference that the "bullying [Sojda] suffered was based on her [race, color, or] national origin." *See Galster*, 768 F.3d at 617; *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("To survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics.").

3

Here, the inquiry is whether the African American student bullied Sojda because she was Hispanic. The complaint, however, neglects to allege any facts regarding the nature of the bullying and focuses instead and exclusively on the school's policies. *See* R. 2 ¶¶ 88–102 (alleging that Abraham Lincoln Elementary School "failed to discipline the African American student" as part of a policy to give "preferential treatment to African American students in disciplinary practices unlike the treatment of similarly situated students of other races" and that as a result, the Chicago Board of Education "facilitated a discriminatory learning environment at Abraham Lincoln Elementary School."). But Plaintiff's allegation that the school failed to discipline the African American student because he was African American is not a basis to infer that the student assaulted Sojda because she was Hispanic.

Plaintiff attempts to salvage this issue and argues that based solely on the allegations 1) that Sojda is Hispanic and 2) that the student bullying Sojda was African American, it can "therefore be inferred" that bullying was based on "[Sodja's] Hispanic background." R. 16 at 5.[1] The Court, however, cannot reach that inference based solely on these two allegations. To state a claim for discrimination, the plaintiff must allege facts "directly or indirectly connecting the [allegedly discriminatory action] with her . . . race." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Where a plaintiff alleges only "[her] own race," that is not enough to suggest a

---

[1] Plaintiff also argues that "discovery will demonstrate the extent of the African American [s]tudent's racially based moti[ve]s for bullying [Sojda]." R. 16 at 5. But "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678.

"causal connection between [her] race and the [discriminatory] treatment." *Beaulieu v. Ashford Univ.*, 529 F. Supp. 3d 834, 850 (N.D. Ill. 2021). The African American student could have decided to bully Sojda for any number of reasons unrelated to the fact that Sojda was Hispanic. Plaintiff fails to allege any facts plausibly suggesting a connection between the fact that Sojda was Hispanic and the fact that Sojda was bullied. Without that connection, bullying by itself is not actionable under Title VI. For this reason, Count I is dismissed.

## II. Count II

For Count II, Plaintiff alleges a *Monell* claim under 42 U.S.C. § 1983 against the Chicago Board of Education for "having an express policy that failed to discipline the African American student for discriminatorily harassing [Sodja]." R. 16 at 11. But if a plaintiff fails "to prove a violation of his constitutional rights in his claim against the individual defendants, there will be no viable *Monell* claim based on the same allegations." *Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015). As discussed with respect to Count I, Sodja failed to adequately allege that the harassment was discriminatory. Without that allegation, her *Monell* claim fails. For this reason, Count II is dismissed.

## III. Count III

For Count III, Plaintiff alleges in the complaint that Fay violated Title VI because he failed to approve Sojda's application for "Home Hospital Instruction," which would have allowed Sojda to receive personalized at-home instruction during

5

her recovery. R. 2 ¶¶ 114–22. Plaintiff further alleges that Fay failed to approve Sojda's application "due to her race." *Id.* ¶ 115.

As set forth in the complaint, this claim fails for two reasons. First, beyond the conclusory statement that Fay failed to approve Sojda's application "due to her race", Plaintiff fails to allege any facts connecting Fay's failure to approve Sojda's application with the fact that Sojda is Hispanic. *Id.* ¶¶ 114–22. Plaintiff's allegations are thus insufficient to plausibly suggest that Fay was motivated Sojda's race, color, or national origin. *See Kaminski*, 23 F.4th at 776. Second, as Defendants point out in their motion to dismiss, "individuals cannot be liable under Title VI." *Bryant v. Oak Forest High Sch. Dist. 228, Bd. of Educ.*, 2007 WL 2738544, at *3 (N.D. Ill. Sept. 12, 2007); *see also Mojsoski v. Indiana Wesleyan Univ.*, 2022 WL 17338426, at *11 (N.D. Ind. Nov. 30, 2022). Instead, the appropriate party to be sued is the entity receiving the federal grant money. *See Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1019 (7th Cir. 1997) ("Title IX claim[s] can only be brought against a grant recipient and not an individual."); *see also Galster*, 768 F.3d at 617 ("Title VI and Title IX are so similar that a decision interpreting one generally applies to the other."). Because individuals cannot be defendants under Title VI, and Fay is an individual, the Title VI claim regarding Fay's failure to approve the Home Hospital Instruction fails.

Perhaps recognizing these flaws, Plaintiff abandons the allegations regarding the Home Hospital Instruction in responding to the motion to dismiss and argues instead that "Title VI liability [may be] attached individually to [Fay], as he satisfies the elements in *Galster*." R. 16 at 10. As articulated in *Galster*, claims for student-on-

6

student discrimination appear to be an exception under which plaintiffs may bring Title VI claims against "school officials." *Galster*, 768 F.3d at 617. But even if Plaintiff were permitted to bring a claim for student-on-student discrimination against Fay individually, the claim would still fail for the following reasons.

First, with regard to Fay, the complaint focuses exclusively on the fact that Fay failed to approve Sojda's application for Home Hospital Instruction and never alleges that Fay was liable under *Galster*. R. 2 ¶¶ 114–22. Plaintiff is not permitted to raise a new claim against Fay as part of her brief. *See Smith v. Dart*, 803 F.3d 304, 311 n.4 (7th Cir. 2015) ("Simply stated, it is a new claim. And as such, it cannot be raised in a brief in opposition to a motion to dismiss; it must be pleaded in a new or amended complaint."). Second, for the same reasons that Plaintiff's claim failed in Count I, it also fails here. For these reasons, Count III is dismissed.

## Conclusion

For the reasons stated above, Defendant's motion to dismiss (R. 14) is granted and this case is dismissed without prejudice. If Plaintiff believes she can correct the deficiencies identified above, Plaintiff may move to file an amended complaint by May 10, 2024. The motion should attach a redline comparison between the complaint and the amended complaint. The motion should also be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in the current complaint. Should Plaintiff choose to file such a motion, Defendants should not respond unless ordered to do so by the Court.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 11, 2024

8